DORA M. THOMAS *vs.* CHARLES C. FRANKHOUSER and ERMINA FRANKHOUSER.

BILLS AND NOTES—AFFIDAVIT OF DEFENSE—SUFFICIENCY.

An affidavit of defense, filed by a defendant sued with a co-defendant on a note executed by them, which avers that defendant verily believes that there is a defense to the cause of action, and that the nature of the defense is that there was and is a total failure of consideration for the execution and delivery of the note by defendants to plaintiff, the payee, alleges a distinct defense, and a motion for judgment notwithstanding the affidavit must be refused.

(*May* 6, 1914.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*Arley B. Magee* for plaintiff.
*W. Watson Harrington* for defendants.
Superior Court, Kent County, April Term, 1914.

ACTION OF ASSUMPSIT (No. 18, April Term, 1914) by Dora M. Thomas against Charles C. Frankhouser and another to recover amount alleged to be due upon a promissory note. Motion for judgment notwithstanding affidavit of defense; refused. The affidavit of defense filed by Ermina Frankhouser alleged "that she is one of the defendants in the above named suit, and that she verily believes that there is a legal defense to the whole of the cause of action in the said suit, the nature and character of which defense is that there was and is a total absence or failure of consideration for the execution and delivery of the promissory note of the said defendants to the said Dora M. Thomas, the plaintiff, and the payee in the same, which said promissory note constitutes the basis of the said plaintiff's cause of action in the above and foregoing suit," etc.

*Mr. Magee* contended that the allegation was nothing more than a plea of non assumpsit and did not show the nature and character of the defense relied upon.

PENNEWILL, C. J., announcing the decision of the court:

The affidavit of defense, it seems to us, alleges a distinct defense. It would be difficult sometimes to state anything more definite than is stated in this affidavit. We think it is sufficient under the decisions of our courts which have held the word "payment" to be sufficient in such an affidavit.

The motion for judgment notwithstanding the affidavit of defense is refused.